IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PHILLIP CARL EDWARDS                                                                      PLAINTIFF

vs.                                          Civil No. 5:22-cv-05215

KILOLO KIJAKAZI                                                                           DEFENDANT
Acting Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Phillip Carl Edwards ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy L. Brooks referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff filed his disability application on October 8, 2020.  (Tr. 12).  Plaintiff alleged disability due to diabetes, amputation, sleep apnea, arthritis, and neuropathy.  (Tr. 202).[1]  His application was denied initially and again upon reconsideration.  (Tr. 12).

Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted.  (Tr. 110-167).  A hearing was held on February 24, 2022.  (Tr. 29-62).  At

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 9.  These references are to the page number of the transcript itself and not the ECF page number.

1

this hearing, Plaintiff was present and represented by counsel, Laura McKinnon. *Id.* Plaintiff and Vocational Expert, ("VE") Rhonda Blackstock testified at this hearing. *Id.*

On May 2, 2022, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's disability application. (Tr. 12-23). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act through December 31, 2025. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 20, 2020. (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus II with neuropathy; right leg below the knee amputation; and obesity. (Tr. 14, Finding 3). The ALJ then determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 17-21, Finding 5). First, the ALJ indicated she evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC to perform sedentary work with no ladders, ropes, scaffolds, or unprotected heights; occasional ramps, stairs, kneeling, crouching, crawling, and stooping; no right foot controls; and use of a cane to walk. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The ALJ determined Plaintiff was unable to perform his PRW. *Id.* However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 22, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) document preparer with approximately 29,298 jobs in the nation, (2)

cutter/paster with approximately 17,937 jobs in the nation, and (3) surveillance system monitor with approximately 30,195 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled from July 20, 2020, through the date of the decision. (Tr. 23, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-6). The Appeals Council denied this request. *Id.* On October 17, 2022, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This matter is now ripe for consideration.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th

Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record.  ECF No. 12 at 7-20.  Specifically, Plaintiff raises the following arguments for reversal: (1) the ALJ failed to fully and fairly develop the record, (2) the ALJ erred in considering his subjective complaints of pain, (3) the ALJ erred at Step 3, and (4) the ALJ erred

in the RFC determination. *Id.* Upon review, the Court finds the ALJ's evaluation of the Listings (specifically Listing 1.20) is not supported by substantial evidence in the record; thus, the Court will only address this issue.

The listing at issue in this case is Listing 1.02(D), which requires an amputation of one or both lower extremities, occurring at or above the ankle, with complications of the residual limb(s) that have lasted, or are expected to last, for a continuous period of at least 12 months, and medical documentation of 1 and 2: (1) the inability to use a prosthesis(es); and (2) a documented medical need for a walker, bilateral canes, or bilateral crutches, or a wheeled and seated mobility device involving the use of both hands. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.20D.

The ALJ determined Plaintiff had the severe impairments of diabetes mellitus II with neuropathy; right leg below the knee amputation; and obesity. (Tr. 14, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In her assessment of Plaintiff's impairments and in her determination of whether Plaintiff's impairments meet the Listings, the ALJ did not explain her findings. There is no analysis of Listing1.02(D), and no explanation as to why Plaintiff's impairments do not meet that Listing. Based upon the record before the Court, and as outlined above, that determination is not supported by substantial evidence.

4.   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED**

**AND REMANDED.**

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 23rd day of June 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE